



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------
MARLENE TATE                          :     CIVIL No.: _____
8126 Michener Avenue                  :
Philadelphia, PA 19150                :
                                      :
              Plaintiff;              :
                                      :
       v.                             :
                                      :
ZAR CAPITAL GROUP, LLC                :
1700 Market Street                    :
Suite 1005                            :
Philadelphia, PA 19103                :
                                      :
              Defendant.              :
-------------------------------------------
```

**FILED**

APR 2 4 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Marlene Tate ("Plaintiff" or "Ms. Tate"), by and through her undersigned attorney, for her Complaint against Defendant, ZAR Capital Group, LLC ("Defendant" or "ZAR Capital"), alleges as follows:

## **INTRODUCTION**

1.      Plaintiff initiates this action contending that Defendant has improperly failed to pay her wages due and owing under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq* ("WPCL") and for Breach of Contract.

2.      Plaintiff is a former employee of Defendant who was employed as an Executive Director.  In April 2013, Plaintiff executed a one-year Employment Agreement which provided an annual base salary of $97,000.00 and paid medical benefits.  The contract also provided that Plaintiff's employment could be terminated only for certain specific reasons.  Despite this contract, Defendant failed to pay Ms. Tate a net amount of $1,038.00 in July, $9,693.00 in

1

August, $6,462.00 in September, and $6,462.00 in October.  In October, despite its repeated assurances of Plaintiff's continued employment and promises to pay her wages due and owing and medical benefits, Defendant ceased paying Ms. Tate's wages altogether and broke off contact with Plaintiff.

3.      Plaintiff brings this action under the WPCL and the common law for monetary damages to seek redress from Defendant's willful, unlawful, and improper conduct.

## PARTIES

4.      Paragraphs 1 through 3 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

5.      Plaintiff Marlene Tate is a citizen of the United States and Pennsylvania, currently residing at 8126 Michener Avenue, Philadelphia, PA 19150.

6.      Defendant ZAR Capital Group, LLC is a Delaware Limited Liability Company with a business location at 1700 Market Street, Suite 1005, Philadelphia, PA 19103.  Upon information and belief, no member of Defendant LLC is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

7.      Paragraphs 1 through 6 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this litigation involves citizens of different states and an amount in controversy which exceeds $75,000.00.

9.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the events giving rise to this action occurred in this judicial district.

2

## FACTS RELEVANT TO ALL CLAIMS

10.     Paragraphs 1 through 9 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

11.     In or around March 2013, Defendant hired Ms. Tate as Executive Director with an effective start date of April 1, 2013.

12.     The terms and conditions of Ms. Tate's employment with ZAR Capital were memorialized in a written Employment Agreement (the "Agreement"). A copy of the Agreement has been attached to this complaint as "Exhibit 1."

13.     The Agreement specifically provided that Ms. Tate would be employed for one (1) year, at an annual base salary of $97,000.00 with paid medical benefits, and that her employment could only be terminated for certain specific reasons limited to wilful gross misconduct and certain fraudulent and/or criminal conduct.

14.     The Agreement also provided that Ms. Tate could terminate her employment with the company for "Good Reason." Notably, the Agreement specified that Plaintiff would have "Good Reason" in the event that the Company "fail[ed] to make any payment or provide any benefit hereunder or commits a material breach of this Agreement and does not cure such failure or breach after notice and a reasonable opportunity to cure[.]"

15.     From the date of Ms. Tate's employment in April 2013 until the date Defendant ceased all communications with her in October 2013, Ms. Tate performed work and provided services for Defendant in accordance with her job duties and responsibilities under the Agreement and at the request of Defendant's agents and servants, including Zacharia Ali ("Mr. Ali").

3

16.    By email communication dated April 21, 2013, and in response to an email from Plaintiff dated April 19, 2013, Mr. Ali specifically confirmed Plaintiff's annual salary of $97,000.00, per the agreement, to be paid bi-weekly, as well as her paid medical benefits.

17.    Moreover, in April 2013, Plaintiff received from Defendant two payments of $3,231.00 representing her agreed-upon bi-weekly salary of $3,731.00, less $500.00 in what Mr. Ali represented as tax withholdings, further indicating Defendant's engagement of Plaintiff at a salary of $97,000.00.

18.    On May 27th, and in response to Mr. Ali's request of May 26th, Plaintiff emailed Mr. Ali an executed copy of the Agreement.

19.    Following the commencement of Plaintiff's employment in April, and despite Defendant's agreement with Ms. Tate, Defendant began failing to pay Ms. Tate her agreed upon salary and did not provide her with paid medical benefits.

20.    Specifically, Defendant failed to pay Plaintiff a net amount of $1,038.00 in July, $9,693.00 in August, $6,462.00 in September, and $6,462.00 in October.

21.    Throughout this time, Ms. Tate repeatedly questioned Mr. Ali by email regarding the payment shortages.  In response, Mr. Ali repeatedly assured Mr. Tate of her continued employment with Defendant and that Defendant would pay her the unpaid amounts due to her and provide paid medical benefits.

22.    For example, on June 4th Ms. Tate emailed Defendant a spreadsheet detailing her pay since April 1, 2013, requesting that Mr. Ali review it and make up the outstanding balance. Despite Mr. Ali's assurances, via return email dated June 5th, that he would review the documentation and pay the balance, Ms. Tate was forced to renew her request via email on June 21st.  With growing concern about the untimeliness of Defendant's payments, Ms. Tate pointedly

4

asked, "when do you [Mr. Ali] anticipate my bi-weekly pay becoming current and on schedule[?]"

23.    In his response email of June 21st, Mr. Ali admitted that he had not reviewed Plaintiff's salary concerns during the intervening three weeks, told Ms. Tate that she would receive the balance "next week," i.e. by June 28th, and informed her that the agreed upon bi-weekly payment schedule would resume "next month," i.e. in July.

24.    Contrary to these assurances, however, Ms. Tate received only one payment in July which left her short a net amount of $1,038.00 of her agreed upon salary payments for the month.

25.    Nevertheless, based on Mr. Ali's assurances, Ms. Tate continued to perform work and provide services for Defendant in accordance with her job duties under the Agreement and at the request of Mr. Ali in July, August, September, and October.

26.    On August 29th, Ms. Tate once again contacted Mr. Ali via email.  Ms. Tate specifically explained that she had exhausted her personal finances in order to make up for the shortfall in Defendant's payments and pointedly asked Mr. Ali when she could expect another payment.

27.    Through several emails dated between August 29th and October 12th, Mr. Ali continued to string Plaintiff along, repeatedly promising that he would remedy the problem and that Ms. Tate would receive the wages due and owing to her.

28.    By this point, on October 12th, per the Agreement, Plaintiff should have received $42,003.00 net pay from Defendant, but had so far only received $17,924.00.  Instead of making up for this substantial unpaid balance of $24,079.00 as repeatedly promised, Defendant wired

5

Plaintiff what turned out to be its last payment to Ms. Tate, in the amount of $2,500.00, on October 21st.

29.     Furthermore, on April 21, 2013 and subsequently, Mr. Ali represented to Plaintiff that her bi-weekly salary payments reflected deductions of approximately $500.00 in taxes that Defendant was withholding for Plaintiff.

30.     Upon information and belief, contrary to Defendant's representations, Defendant did not withhold any taxes from Plaintiff's salary payments.  Defendant thus systematically underpaid Ms. Tate while representing that the shortfall resulted from taxes that it was, in actuality, not withholding.

31.     On October 23, 2013, Plaintiff received one final email communication from Mr. Ali informing her of the October 21st payment.

32.     Since that time, Defendant has broken off all contact with Plaintiff and altogether ceased to make even partial payments on wages due and owing to Plaintiff under the Agreement.

33.     Defendant's failure to pay Plaintiff, who continued to provide services under the Agreement throughout October, clearly constitutes a material breach of the Agreement between Plaintiff and Defendant.

34.     From April to October of 2013, Defendant failed to compensate Plaintiff for all compensable work she performed and has failed to pay Plaintiff wages due and owing.

35.     Plaintiff performed the aforementioned compensable work pursuant to the request of the agents, servants, and employees of Defendant, most notably, Mr. Ali.

36.     By performing the work and services for Defendant, Plaintiff conferred a benefit to Defendant.

6

37.     Despite requesting the aforementioned work and services to be performed and receiving the benefits of said work and services, Defendant has failed to compensate Plaintiff for all the compensable work and services rendered.

38.     Accordingly, Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

39.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

40.     The unlawful and willful actions of the Defendant constitute a failure to pay wages due and owing to Plaintiff in violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, and a breach of contract in violation of Pennsylvania common law.

**COUNT I**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 Pa. Con. Stat. § 260.1 *et seq.***

41.     Paragraphs 1 through 40 are hereby incorporated by reference as though the same were more fully set forth at length herein.

42.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, by failing to pay certain wages and benefits earned, due and owing to Plaintiff pursuant to Defendant's employment agreement with Plaintiff.

43.     As a result of Defendant's unlawful actions, Plaintiff has been denied compensation for services provided under the Agreement from July to October 2013 of approximately $36,541.00, exclusive of the value of her unpaid medical benefits. This amount represents a net pay due and owing of $28,041.00 plus $8,500.00 in compensation which, upon information and belief, Defendant wrongfully withheld from Plaintiff's pay as "taxes". Plaintiff

7

is entitled to recovery of such amount, liquidated damages, together with costs and attorney's fees pursuant to the Wage Payment and Collection Law, 43 P.S. §§ 260.0a, 260.10.

**WHEREFORE**, Plaintiff Marlene Tate respectfully requests that this Court enter judgment in her favor and against Defendant ZAR Capital Group, LLC, and grant relief as follows:

a.    Back pay in the amount of unpaid wages under her employment agreement with Defendant including the value of unpaid medical benefits.

b.    Liquidated damages;

c.    Reasonable attorney's fees, costs, and interests;

d.    Such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

44.    Paragraphs 1 through 43 are hereby incorporated by reference as though the same were more fully set forth at length herein.

45.    Defendant promised to pay Plaintiff a salary of $97,000.00 for one full year of employment between April 1, 2013 and March 31, 2014.

46.    As described above, Defendant breached its promise by failing to pay Plaintiff. This constitutes a material breach of the agreement between Plaintiff and Defendant.

47.    As a result, Plaintiff has sustained damages, including but not limited to unpaid wages, unpaid medical benefits, and expected wages under the Agreement in an amount not less than $76,500.00.

**WHEREFORE**, Plaintiff Marlene Tate respectfully requests that this Court enter judgment in her favor and against Defendant ZAR Capital Group, LLC, and grant relief as follows:

8

      a.      Expectation damages, including all unpaid wages for services performed

under the Agreement, expected wages, and unpaid medical benefits;

      b.      Such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT – QUASI CONTRACT

48.      Paragraphs 1 through 47 are hereby incorporated by reference as though the same were more fully set forth at length herein.

49.      From April until October of 2013, Plaintiff performed compensable work and services for Defendant.

50.      Plaintiff performed the aforementioned compensable work and services pursuant to the request of the agents, servants, and employees of Defendant.

51.      By performing the work and services for Defendant, Plaintiff conferred a benefit to Defendant.

52.      Despite requesting the aforementioned work and services to be performed and receiving the benefits of said work and services, Defendant has failed to compensate Plaintiff for all the compensable work and services rendered.

53.      Accordingly, Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

**WHEREFORE**, Plaintiff Marlene Tate respectfully requests that this Court enter judgment in her favor and against Defendant ZAR Capital Group, LLC, and grant relief as follows:

      a.      A judgment against Defendant for the reasonable value of the services Plaintiff performed for Defendant;

      b.      Such other and further relief that this Court deems just and proper.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael P. Murphy, Jr., Esquire
One Penn Center, Suite 1230
1617 John F. Kennedy, Blvd.
Philadelphia, PA 19103
215.375.0961 or 267.273.1054
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: April 24, 2014

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

11

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Marlene Tate

## DEFENDANTS

Zar Captial Group, LLC

**14   2362**

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael Murphy, Esq., Murphy Law Group, LLC, One Penn Center, Suite 1230, 1617 JFK Blvd., Phila., PA, TEL: 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 720 Labor/Management | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract and violation of PA WPCL, 43 P.S. 260.1

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____   DOCKET NUMBER _____

APR 2 4 2014

DATE
04/24/2014

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Marlene Tate                          :        CIVIL ACTION
                                      :
                        v.            :
                                      :
Zar Capital Group, LLC                :        NO.   14   2362

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              ( )


4/24/14              Michael Murphy              Plaintiff
**Date**             **Attorney-at-law**         **Attorney for**

267-273-1054         215-525-0010                murphy@phillyemployment
**Telephone**        **FAX Number**              **E-Mail Address**          lawyer.
                                                                             com

(Civ. 660) 10/02

APR 2 4 2014

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 8126 Michener Avenue, Philadelphia, PA 19150  14  2362

Address of Defendant: 1700 Market Street, Suite 1005, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) Breach of Employment Contract

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Michael Murphy, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/24/14 _____ Attorney-at-Law _____ 91262 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

APR 24 2014

DATE: 4/24/14 _____ Attorney-at-Law _____ 91262 Attorney I.D.#

CIV. 609 (5/2012)